PER CURIAM.
Roberts appeals the order denying his motion for post-conviction relief entered without an evidentiary hearing. We affirm.
Roberts contends he was denied effective assistance of counsel on appeal because his court-appointed counsel did not raise on direct appeal certain trial errors which allegedly should have been raised. Roberts’ conviction was affirmed by this court in Roberts v. State, 265 So.2d 431 (Fla. 1st DCA 1972), cert. den. 265 So.2d 50 (Fla.1972). From our examination of the record in Roberts’ direct appeal, it appears that the public defender handling his appeal scrupulously followed the procedures prescribed in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Roberts, after being furnished a copy of the brief filed by his court-appointed counsel, filed his own pro se brief raising the trial errors which he now contends his court-appointed attorney should have presented. This court, after full review of the record, found no arguable legal points and affirmed the conviction. As noted in Young v. Oklahoma, 428 F.Supp. 288 (W.D.Okl.1976), “[t]here is no duty upon appellate counsel to urge legally unsupportable matters and merely because counsel did not urge in the appellate court those points which the [defendant] in his pro se brief deemed worthy of consideration does not establish a denial of effective assistance of appellate counsel.” Accordingly, the order denying Roberts’ motion for post-conviction relief is affirmed.
McCORD and SHIVERS, JJ., and MASON, ERNEST E., Associate Judge, concur.